UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KARMA KLOTHING INC.** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant State Farm Fire and Casualty Company who, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the Civil District Court for the Parish of Orleans to the docket of this Honorable Court.

### I. INTRODUCTION

This is an insurance coverage and bad faith case. On August 29, 2023, Plaintiff filed its Petition in Cause No. 2023-10161 in the Civil District Court for the Parish of Orleans, Louisiana. *See* Exhibit A. State Farm was served with the Petition on October 10, 2023. *See* Exhibit B. The suit arises from a claim for property damage and alleged arbitrary and capricious, bad faith related extra-contractual damages made by Plaintiff under its State Farm policy (number 98-BS-M019-0), which policy is incorporated by reference into Plaintiff's Petition and a copy of which is attached hereto as Exhibit C.

Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

Plaintiff alleges multiple causes of action against State Farm related to its handling of an insurance claim submitted by Plaintiff following Hurricane Ida. Specifically, Plaintiff alleges State Farm was arbitrary and capricious for its failure to timely pay for the undisputed damages under Plaintiff's businessowners policy, as well as in breach of the insurance contract. *See* Exh. A at ¶¶18-32.

State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the Orleans Parish state court in which this case was previously pending.

## II.   GROUNDS FOR REMOVAL

This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.   Complete Diversity Exists Between the Parties

Plaintiff is a domestic corporation incorporated in and with its principal place of business in the state of Louisiana. *See* Exhibit D. Accordingly, Plaintiff is a citizen of Louisiana pursuant to 28 U.S.C. § 1332(c)(1).

State Farm was, at the time this action commenced, and still is, incorporated in and maintains its principal place of business in the state of Illinois. Accordingly, State Farm is a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

### B.   The Amount in Controversy Exceeds $75,000.00

Additionally, the claims asserted by Plaintiff exceed $75,000.00. Plaintiff seeks monetary damages under the Policy's coverages for (1) diminution of the value of the property; (2) actual repair costs; (3) reimbursement for personal repairs at the property; (4) actual costs related to

personal property manipulation, cleaning, repair, or replacement; (5) attorneys fees, expert fees, other professional fees, public adjuster fees, and/or litigation costs; (6) penalties pursuant to La. R.S. 22:1892 and 22:1973; and (7) breach of contract. *See* Exh. A at ¶36.

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id.*

To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014).

Further, attorney's fees must be included in determining the amount in controversy because La. R.S. 22:1892 allows for recovery of attorney's fees and costs.  See *Roth v. Inspectorate Am. Corp.*, No. CV 19-876-SDD-SDJ, 2020 WL 5835317, at *3 (M.D. La. Sept. 15, 2020) (quoting Grant v. Chevron Phillips Chem. Co., 309 F. 3d 864, 869 (5th Cir. 2002) ("court's jurisdictional-amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees.")); La. R.S. 22:1892.

In this case, Plaintiff alleges that State Farm has failed to pay the amounts owed to Plaintiff for damage to its property within thirty days of receipt of satisfactory proof of loss. *See* Exh. A at

¶¶29-30;32. Plaintiff further alleges that this failure entitles Plaintiff to penalties and attorney's fees. *Id.* at ¶36.

Plaintiff's businessowner's policy provides, among other coverages, the following: (1) $237,477.00 for Business Personal Property; (2) $56,650.00 in Seasonal Increase for Business Personal Property; (3) Loss of Income and Extra Expense for 12 months; (4) $10,000.00 for Signs; and (5) $25,000.00 for Computer Property. *See* Exh. C.

To date, State Farm has paid the Plaintiff: (1) $208,888.87 for Business Personal Property; (2) $18,048.62 for one month of Loss of Income and Extra Expense; (3) $9,877.51 for Signs; and (4) $11,934.26 for Computer Property.

In the Petition, Plaintiff alleges that State Farm has failed to pay Plaintiff for its Business Personal Property loss, Loss of Income and Extra Expense, and Seasonal Increase for Business Personal Property. *See* Exh. A at ¶8-10. Thus, the amount allegedly at issue is the remaining policy limits for (1) Business Personal Property ($28,588.13); (2) Seasonal Increase for Business Personal Property ($56,650.00); and (3) Loss of Income and Extra Expense (actual costs for eleven months).

Furthermore, if Plaintiff was able to meet its burden of proving that State Farm arbitrarily failed to timely pay the amounts owed, then State Farm may be liable for fifty percent of the amount owed but untimely paid. *See* La. R.S. 22:1892 (B)(1). This does not take into account attorney fees, which the Plaintiff alleges are owed.

Thus, the combination of the amounts claimed by Plaintiff pursuant to its State Farm policy with the amount of penalties and attorney's fees exceeds $75,000.00 and satisfies the requirement for the amount in controversy under 28 U.S.C. § 1332(a).

### C. Plaintiff Did Not File a Binding Stipulation Limiting Recovery With The Petition

To determine whether jurisdiction is present for removal, the federal courts consider the claims made in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002). The Seventh Circuit has held that when, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." *In re Shell Oil Co.*, 970 F.2d 35, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 US 283, 58 S.Ct. 586 (1938). The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm Fire and Casualty, et. al.*, 2006 WL 1581272, *2 (E.D.La. 2006).

Here, no such binding stipulation and renunciation has been made in the Petition. While State Farm admits neither liability nor any element of damages, under the rules of *Shell* and *Davis*, State Farm has met its burden of showing that that the amount in controversy is in excess of $75,000.00.

### III. VENUE

Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the Civil District Court for the Parish of Orleans.

### IV. PROCEDURAL REQUIREMENTS

Under the applicable provisions of 28 U.S.C. §§ 1332, 1441 and 1446, State Farm has satisfied the procedural requirements for removal and shown (1) that an actual and justiciable controversy exists between Plaintiffs and Defendant with regard to the legal issues herein; (2) this

controversy is within the jurisdiction of this Court; and (3) the Notice of Removal was filed within thirty (30) days of service of the Plaintiffs' Petition under 28 U.S.C. §1446(b). Furthermore,

a) Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. *See* Exhibit E.

b) Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *See* Exhibit F.

c) Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the Civil District Court for the Parish of Orleans, Louisiana promptly after filing of same. *See* Exhibit F.

d) Last, pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed to this Notice of Removal:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Plaintiff's Petition |
| B. | Citation Return |
| C. | Copy of State Farm policy number 98-BS-M019-0 |
| D. | Secretary of State Business Records for Karma Klothing, Inc. |
| E. | Copy of State Court Record |
| F. | State Farm's Certificate of Compliance |

WHEREFORE, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed sufficient and that this matter is accepted on this Court's docket.

Respectfully submitted,

*/s/ Meaghan Jeansonne Norris*
ADAM P. MASSEY, #29330
MEAGHAN JEANSONNE NORRIS, #38785
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:    (504)380-0290
Facsimile:    (504)332-8434
amassey@smd-law.com
mnorris@smd-law.com

*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, email, facsimile, or by placing the same in the United States mail, properly addressed and postage pre-paid, this 9th day of November 2023.

*/s/ Meaghan Jeansonne Norris*
MEAGHAN JEANSONNE NORRIS